# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA M. S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:20-cv-01221-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issue. The matter is now ready for decision.

## BACKGROUND

On June 20, 2016, an application for supplemental security income was filed on behalf of Plaintiff, who was then a child under the age of 18. Plaintiff alleged that

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

she became disabled on July 25, 2000. (Administrative Record ("AR") 197.) The application was denied initially and on reconsideration. (AR 17.) On May 21, 2019, Plaintiff appeared with counsel at a hearing conducted before an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff and a vocational expert ("VE") testified. (AR 47-75.)

On July 31, 2019, the ALJ issued a decision finding that Plaintiff suffered from the following medically severe impairments: intellectual disorder and asthma. (AR 22.) The ALJ determined that the impairment did not meet or equal any "listed" impairment. (AR 33.) The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, repetitive work tasks; cannot work in a high production, assembly line type work environment; and cannot work around dusts, fumes, gases or other respiratory irritants. (AR 35.) The ALJ compared the RFC to the demands of Plaintiff's past relevant work as a teacher's aide and concluded that Plaintiff could not perform that kind of work as actually or generally performed. (AR 39.) The ALJ found that transferability of skills was not material to the determination of disability. (AR 39.) Relying on the testimony of the VE, the ALJ determined that Plaintiff was able to perform jobs existing in significant numbers in the national economy, including the jobs of kitchen helper and laborer, stores. (AR 39-40.) Accordingly, the ALJ found that Plaintiff was not disabled from July 24, 2016, through the date of his decision. (AR 40.) The Appeals Council denied review (AR 1-4), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

Whether the ALJ provided legally sufficient reasons for rejecting the opinion of psychological consultative examiner, Kara Cross, Ph.D.

///

///

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Plaintiff contends that the ALJ implicitly rejected the opinions of Kara Cross, Ph.D., by affording them partial weight. (ECF 18 at 6-11.) Plaintiff argues that the ALJ failed to articulate a legally sufficient rationale for this rejection. (ECF 18 at 6.) Defendant argues that the ALJ properly evaluated Dr. Cross's opinion, as it is consistent with the ALJ's RFC assessment and that the assessment is free from harmful error. (ECF 21 at 2.)

### A. Relevant Medical Evidence

Dr. Cross is an independent psychological consultative examiner. She met with Plaintiff on September 9, 2016 and administered psychological testing. In Dr. Cross's opinion, Plaintiff had no limitation in her ability to understand, remember and carry out simple one or two step task instructions; no significant limitation in her ability to understand, remember, carry out simple one or two-step job instructions over an 8-hour day 40-hour work week without emotionally decompensating; no significant

limitation in her ability to associate day to day work; no significant limitation in her ability to maintain regular attendance in the workplace and perform activities on a consistent basis; no significant limitations in her ability to relate to co-workers and the public in an appropriate manner; moderate limitations in her ability to do detailed and complex tasks; moderate limitations in her ability to do detailed and complex tasks over an 8-hour work day without emotionally decompensating; moderate limitations in her ability to maintain concentration and attention; moderate limitations in her ability to maintain reasonable persistence and pace; no limitations in her ability to accept instructions from supervisors; and no limitations in her ability to perform work activities without special or additional supervision. (AR 335-336.) The ALJ did not explicitly reject or modify any of these findings in detailing his support for his RFC assessment. (AR 35-39.)

Preston Davis, Psy.D., the State agency's psychological consultative examiner, opined that Plaintiff had no significant limitation in the ability to understand and remember very short simple instructions; moderate limitations in the ability to understand and remember detailed instructions; no limitation in the ability to carry out very short and simple instructions; a moderate limitation in the ability to carry out detailed instructions; no significant limitation in the ability to maintain attention and concentration for extended periods of time; and no significant limitation in her ability to complete a normal workday without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 87.) Dr. Davis found Plaintiff had moderate limitations in the ability to interact appropriately with the general public. (AR 88.) Dr. Davis concluded his initial report by finding that Plaintiff could perform simple and repetitive work tasks, that she could interact with supervisors and with coworkers, but that her contact with the general public should be limited to prevent distraction and that she could adapt to a work setting that is not fast paced. (AR 88.) On reconsideration, Thomas D. Stern, Ph.D., found similar limitations as

those found in Dr. Davis's initial evaluation, the only difference being Dr. Stern's conclusion did not contain a restriction on the pace of Plaintiff's work. (AR 106.)

### B. The ALJ's Decision

The ALJ employed the five-step sequential process in determining whether Plaintiff was disabled. (AR 33-41.) In discussing the medical opinions regarding the RFC assessment, the ALJ gave the opinions of both Dr. Cross and Dr. Davis "partial weight." (AR 38.) The ALJ discussed the opinions of Dr. Cross and Dr. Davis in the same paragraph, without clearly distinguishing between them. (AR 38.)

First, the ALJ noted that Dr. Cross found that Plaintiff had moderate limitations in her ability to perform detailed and complex tasks; moderate limitations in maintaining attention and concentration; and moderate limitations in maintaining reasonable persistence and pace. (AR 38, citing AR 336.) The ALJ then noted Dr. Davis's conclusion that Plaintiff could perform simple, repetitive tasks in a setting that is not fast paced, with limited contact with the general public due to the risk of distraction. (AR 38.) The ALJ also noted the lack of restriction on pace of Plaintiff's work setting in Dr. Stern's reevaluation. (AR 38.) The ALJ then explained that the RFC included "limitations similar to these opinions to the extent they are supported by and consistent with the evidence of record." (AR 38.) The ALJ gave examples and explained how the RFC aligned with the medical opinions. (AR 38.)

The ALJ also explained that the RFC did not include a limitation regarding public contact (as mentioned in Dr. Davis's initial report (AR 88)) because, as Dr. Cross found, Plaintiff had at least adequate hygiene, eye contact, rapport, concentration, and attention with cooperative, respectful, open, and friendly behavior. (AR 38, citing AR 329; AR 327.) The ALJ then stated that the limitations in the RFC assessment more closely reflected the evidence in Dr. Cross's report – which showed Plaintiff had normal signs of hygiene, psychomotor activity, eye contact, mood, affect, speech, orientation, memory, fund of knowledge, insight, and judgment. (AR 38, citing AR 329-330.) The ALJ stated that he adopted "those

specific restrictions on a function-by-function basis that are best supported by the objective evidence as a whole." (AR 38.)

The ALJ's decision does not explicitly reject any of Dr. Cross's opinions. (AR 38.) The only specific portion of Dr. Cross's report that the ALJ appeared to disagree with is Dr. Cross's finding that Plaintiff had a Full-Scale IQ score of 67. After noting the IQ score, the ALJ stated: "However, the mental status examination by Dr. Cross, revealed largely normal signs regarding the claimant's hygiene, psychomotor activity, eye contact, rapport, cooperation, concentration, attention, thought process, thought content, mood, affect, speech, orientation, memory, fund of knowledge, insight, and judgment." (AR 37.) The ALJ further concluded that this objective mental medical evidence regarding the claimant's intellectual disorder supported his RFC assessment. (AR 37.)

### C. Relevant Law[2]

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ is responsible for translating a claimant's condition and limitations into an RFC that "adequately captures restrictions" to the claimant's ability to work). The RFC – and any resulting hypothetical presented to a vocational expert – "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted, emphasis in original). If a treating physician's medical opinion is uncontradicted, the ALJ may only reject it based on clear and convincing reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a

---

[2] The rules for the evaluation of medical evidence at the administrative level have been revised for disability applications that were filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Because Plaintiff filed her application on June 20, 2016, the revised regulations do not apply.

treating physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. *Trevizo*, 871 F.3d at 675; *Ghanim v. Colvin*, 763 F.3d 1154, 1160-1061 (9th Cir. 2014). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citations and internal quotation marks omitted).

**D. Analysis**

Plaintiff's claim is based on the premise the ALJ rejected Dr. Cross's opinions that Plaintiff has moderate limitations in concentration and attention, and moderate limitations in persistence and pace. This premise is faulty. To begin with, the decision reflects that the ALJ accepted the opinions in dispute, stating: "[w]ith regard to concentrating, persisting, or maintaining pace, the claimant had moderate limitation." (AR 24.)

Plaintiff contends that the a "moderate limitation" should be defined as an impairment that affects work ability up to one third of the time. (ECF 18 at 10.) Plaintiff supports this contention with non-controlling precedent from other circuits and a definition from the California workers' compensation system. (ECF 18 at 10.) However, the Social Security Administration ("SSA") defines a "moderate" limitation to mean "[t]here is more than a slight limitation in this area, but the individual can still function satisfactorily." *See Fergerson v. Berryhill*, 2017 WL 5054690, at *3 (C.D. Cal. Nov. 1, 2017) (quoting Office of Disability Adjudication and Review, Social Security Administration, Form HA-1152-U3, Medical Source Statement of Ability to Do Work-Related Activities (Mental)); *Cantu v. Colvin*, 2015 WL 1062101, at *2–3 (N.D. Cal. Mar. 10, 2015) (citing Form HA-1152-U3 as providing the definition of a "moderate" limitation). While Dr. Cross opined that Plaintiff had moderate limitations in these two areas, she did not quantify her opinion. That is, Dr. Cross did not find that Plaintiff would be off task for a certain amount of

time or would have difficulties in maintaining a certain pace. (*See* AR 335-336.) Because Dr. Cross did not provide a separate definition for "moderate" limitations, she presumably used that word consistently with the SSA's definition rather than another definition from a workers compensation system or a different area. *See Fergerson*, 2017 WL 5054690, at *3 ("Dr. Ijeaku's report did not provide a customized definition for a "moderate" limitation, so, as an agency consultative examiner, she presumably used that word consistent with the Social Security Administration's definition."); *Turner v. Colvin*, 2015 WL 5708476, at *3 (C.D. Cal. Sep. 29, 2015) (in absence of custom definition, court presumed that physician used term in accordance with relevant form definition meaning "moderate limitation" in this area "but the individual can still function satisfactorily"), *aff'd*, 693 F. App'x 722 (9th Cir. 2017). Consequently, the ALJ could reasonably have understood Dr. Cross's opinion as meaning that notwithstanding some limitations, Plaintiff "can still function satisfactorily" in maintaining attention in the workplace or working at a consistent pace. *See Arriola v. Astrue*, 2008 WL 4926961, at *4 (C.D. Cal. Nov. 14, 2008) ("the accepted meaning of the term 'moderate'" defines term as "more than a slight limitation in this area but the individual is still able to function satisfactorily").

This definition of a "moderate" limitation is further supported by the findings of the State agency consultant, Dr. Stern. While Dr. Davis first found that Plaintiff would have difficulty adapting to a fast-paced work setting (AR 88), Dr. Stern did not mention any such limitation upon reconsideration. (AR 106.) Moreover, in the initial consultation and reconsideration, both Dr. Stern and Dr. Davis found that Plaintiff had no limitation in the ability to maintain attention and concentration for extended periods nor any limitations in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and could perform at a consistent pace without an unreasonable number and length of rest periods. (AR 105.) The State agency consultants' opinions therefore support the

ALJ's reasonable understanding that Dr. Cross used the regular SSA definition of "moderate" limitation in her opinions.

The ALJ's RFC imposed significant limitations based upon Plaintiff's mental impairments. Specifically, the RFC restricts Plaintiff to simple, repetitive work tasks that are not in a high production, assembly line type work environment. There is no evidence in the record to suggest that Dr. Cross or any other treating, consulting, or reviewing source considered Plaintiff to be wholly unable to complete a workday or work week, particularly if she was limited to performing simple and routine tasks at a non-production rate pace. *See Stubbs-Danielson*, 539 F.3d at 1173-1174 (noting that the ALJ's limitation to simple work sufficiently accommodated the examining and reviewing physicians' findings that the claimant had "several moderate limitations in other mental areas" including pace). Therefore, the ALJ's RFC restrictions fairly accommodated Dr. Cross's opinions. *See, e.g., Williams v. Colvin*, 2016 WL 7480245, at *7-8 (C.D. Cal. Dec. 29, 2016) (ALJ adequately accounted for medical opinion that plaintiff suffered moderate difficulties in concentration, persistence, and pace by assessing plaintiff with the mental RFC to perform "simple, repetitive tasks"); *Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015) (ALJ's RFC effectively took into account Plaintiff's moderate difficulties in social functioning, concentration, and persistence, by limiting her to "simple, routine, repetitive tasks"); *Lewis v. Colvin*, 2015 WL 4164682, at *5 (C.D. Cal. July 9, 2015) (finding that ALJ did not err in translating "moderate limitations in performing work activities on a consistent basis without special or additional supervision, completing a normal work day or work week, and concentration, persistence and pace" into restriction to "simple, routine, repetitive tasks"). Because the RFC fairly incorporates Dr. Cross's opinions, the ALJ was not required to give specific and legitimate reasons for "rejecting" them. *See Fergerson*, 2017 WL 5054690, at *3–4 (ALJ was not required to give specific and legitimate reasons for "supposedly" rejecting physician

opinion of a "moderate" attendance impairment, because the ALJ did not in fact reject that finding).

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: 6/16/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE